B. M. ROBERTS, Appellant,

v.

Dawn O. BREWER, a Feme Sole, Appellee.

No. 7265.

Court of Civil Appeals of Texas.

Amarillo.

May 27, 1963.

Folley, Snodgrass & Calhoun, Amarillo, for appellant.

Walter P. Wolfram, Amarillo, for appellee.

DENTON, Chief Justice.

This is a suit seeking specific performance of a contract. Mrs. Dawn O. Brewer, as owner and operator of a lounge, entered into a written agreement with B. M. Roberts whereby she agreed to give Roberts the exclusive right to place amusement machines in her place of business in consideration of Roberts lending her the sum of $1,077.38. Roberts' sworn petition alleged the execution of such contract and its breach, and prayed for an injunction restraining Mrs. Brewer from operating any amusement machines on her premises other than those owned by appellant; and on final hearing sought specific performance ·of the contract. The trial court sustained appellee's special exception to appellant's petition which was to the effect the contract was not capable of specific performance, but the performance thereof would require the constant supervision of the court over a long period of time. Upon appellant's refusal to amend, appellant's suit was dismissed. This action of the trial court is complained of in appellant's one point of error. No brief has been filed by the appellee.

The sole question to be decided is whether or not the enforcement of the contract requires such supervision of the trial court so as to render the remedy of specific performance unavailable as a matter of law. It is uncontradicted from this record that appellant has no adequate remedy at law. By deposition, appellee testified she owned no property subject to execution, and was in effect insolvent. She leased the premises which is involved here. The parties operated under the contract for some two years and four months before appellee removed appellant's machines from her premises. Appellant seeks no recovery of damages.

We see no difficulty in enforcing the specific performance of this contract. The injunctive relief sought will have the effect of preventing amusement machines other than those owned by appellant to be placed in appellee's premises. The contract contains clear and concise language that is unambiguous, and does not present any practical difficulty which would render it unenforcible. Specific performance of the contract would simply require appellee to place appellant's machines in her place of business so long as she operates the same. In our opinion the enforcement of the contract would not require constant or continuing supervision by the court. City of Tyler v. St. Louis Southwestern Ry. Co. of Texas, 99 Tex. 491, 91 S.W. 1; Lone Star Gas Co. v. Municipal Gas Co., 117 Tex. 331, 3 S.W.2d 790, 58 A.L.R. 797; Nueces Valley Townsite Co. v. San Antonio U. & G. R. Co., 123 Tex. 167, 67 S.W.2d 215; Central Power & Light Co. v. Purvis, (Tex. Civ.App.), 67 S.W.2d 1086, (Writ Refused).

The judgment of the trial court is accordingly reversed and the cause is remanded for a trial on its merits consistent with this opinion.

Reversed and remanded.